UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERNICE M. MORRIS,<br><br>                    Petitioner,<br><br>    v.<br><br>JEFFREY UTTECHT,<br><br>                    Respondent. | CASE NO. 3:21-cv-05015-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is petitioner's *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his March 8, 2017 convictions for Attempted Child Molestation, Communicating with a Minor for Immoral Purposes and Misuse of Trust, in Greys Harbor County Superior Court Case No 16-1-00439-6. Dkt. 1. The matter has been referred to the undersigned Magistrate Judge. Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition once it is properly filed and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court has examined the petition. The habeas petition plainly states petitioner's state judgment became final outside the statute of limitations and that petitioner did not present to the state courts any of the claims asserted in the present habeas petition. Additionally, none of the grounds for relief asserted in the habeas petition support relief.  Because the petition is

REPORT AND RECOMMENDATION - 1

unexhausted, time barred and fails to establish grounds for relief it should be dismissed with prejudice. Leave to amend the petition should not be granted. Although petitioner proceeds *pro se*, no amendment would cure the fatal defects mentioned above. If the Court adopts this recommendation, a Certificate of Appealability should not be issued.

## DISCUSSION

**A.     Claims Raised in the Habeas Petition**

Petitioner's habeas petition alleges the following grounds for relief:

(1)     The conviction and sentence are invalid because petitioner was not charged by grand jury indictment. Petitioner avers he did not present this claim to the state courts because "the state of Washington does not have jurisdictional authority to decide on constitutional matters which are outside its jurisdiction or statutory governing limits." Dkt. 1 at 6.

(2)     Petitioner is illegally detained because he was charged and convicted without a grand jury indictment. Petitioner avers he did not present this claim to the state courts as the state lacks the jurisdiction to adjudicate the claim. *Id.* at 7.

(3)     Petitioner was denied a fair trial because he was not charged by grand jury indictment and his sentence violates the 13th Amendment prohibition against slavery. Petitioner avers he did not present this claim to the state courts. *Id.* at 9.

(4)     Petitioner's 5th and 14th Amendment rights were violated because he was charged and convicted without a grand jury indictment. Petitioner avers he did not present this claim to the state courts. *Id.* at 10.

Petitioner also contends there are no time-bars to these claims because he is not appealing his conviction and sentence and instead is challenging the constitutionality of the Washington

1 Constitution. *Id.* at 14. In addition to the above grounds for relief, petitioner also separately lists

2 as "assignments of error" that the trial court erred in imposing an exceptional sentence. *Id* at 15.

3 **B.      Petitioner's Claims Regarding the Grand Jury Indictment Are Unexhausted**

4       A habeas petitioner may pursue federal habeas relief only after he or she has exhausted

5 state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of

6 state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28

7 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is

8 based on a policy of federal and state comity that is designed to give state courts the initial

9 opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270,

10 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state

11 court with a full and fair opportunity to consider all claims before presenting them to the federal

12 court. *Id.* at 276.

13       Thus, petitioner was required to raise the grounds for relief contained in his habeas

14 petition to the Washington Court of Appeals and Washington Supreme Court. He affirmatively

15 avers he did not; each of the claims contained in his federal petition are consequently

16 unexhausted. Petitioner contends he did not on present his grounds for relief to the state courts

17 contending the state courts lack the "jurisdictional authority to decide on United States

18 Constitution matters." The contention fails because federal habeas relief is available only where

19 the state court's adjudication was contrary to or an unreasonable application of clearly

20 established federal law as established by the Supreme Court of the United States. In other words,

21 state courts have the authority to determine whether the federal constitutional rights of a state

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 3

criminal defendant were violated, and in a habeas action, federal courts are limited to reviewing the state courts' determination regarding those federal rights.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). As petitioner avers he has not presented any of his grand jury related claims these claims are unexhausted and should be dismissed with prejudice.

**C.     Petitioner's Claims Regarding the Grand Jury Lack Merit**

Even if plaintiff had exhausted the claims asserted in his federal habeas petition, none of the claims have any merit and the petition should be dismissed.

*1.     Requirement of Grand Jury Indictment*

Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth and Fourteenth Amendments. The contention lacks merit because it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information).

*2.     Thirteenth Amendment and Slavery*

Petitioner also contends his conviction and sentence violate the Thirteenth Amendment's prohibition against slavery. There are no facts supporting this contention. If petitioner is claiming he performs work activity in the prison in violation of the Thirteenth Amendment, the claim

REPORT AND RECOMMENDATION - 4

fails. Although the Thirteenth Amendment prohibits slavery and involuntary servitude, it explicitly exempts forced labor that is imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States .... "*Id*. at § 1. The Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

If plaintiff is claiming the Thirteenth Amendment is violated because his conviction was obtained without grand jury indictment and is invalid, the claim also fails. As noted above a state may charge a criminal defendant by information and the failure to utilize a grand jury does not offend the due process clause. Petitioner has thus failed to present facts that would establish, in the slightest, a violation of the Thirteenth Amendment.

**D.      The Petition is Untimely - Federal Statute of Limitations, 28 U.S.C. § 2244(d)**

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." In some cases, "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Here petitioner filed a direct appeal in the state courts. The Washington Court of Appeals affirmed his conviction on November 14, 2018. *See State v. Morris*, 6 Wash. App. 2d 1015 (Div. II, 2018). The Washington State Supreme Court denied review on March 1, 2019. *See State v. Morris,* 192 Wash 2d 1028 (2019). Following denial of review, petitioner did not file a petition

for certiorari in the United States Supreme Court or file a personal restraint petition seeking state collateral review. The federal habeas statute of limitations thus began to run on May 30, 2019, the end of the 90-day time period in which petitioner could have filed a petition for certiorari. It ran from that date and expired a year later on March 1, 2019.  The petition herein was submitted for filing on January 7, 2021 and is thus time-barred and should be dismissed.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Habeas Rule 11(a).  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The Court recommends a COA not be issued. No jurist of reason would find it debatable whether the district court was correct in its ruling that petitioner has submitted seeks habeas relief for claims he has failed to present to the state courts, lack merit, and are presented in a time-barred petition. Petitioner  should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 6

Any objection to this Report and Recommendation must be filed no later than **February 18, 2021.**  The Clerk should note the matter for **February 19**, **2021** as ready for the District Judge's consideration.  Objections shall not exceed five pages.  The failure to timely object may affect the right to appeal.

DATED this 4th day of February 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7